```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

DERRICK ROBERSON-EL          )
                             )
         Plaintiff,          )
                             )
     v.                      )    No. 13 C 4961
                             )
ILLINOIS DEPARTMENT OF       )
CORRECTIONS, et al.,         )
                             )
         Defendants.         )

MEMORANDUM ORDER

Derrick Roberson-El ("Roberson-El") has filed a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint against the Illinois Department of Corrections and its Director Michael Randle, using for that purpose the printed form of Section 1983 Complaint provided by the Clerk's Office for use by persons in custody. Roberson-El has accompanied his Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"). Before this Court turns to the substance of Roberson-El's claim, it will address the Application in the terms prescribed by 28 U.S.C. §1915 ("Section 1915").

In that respect the submitted printout that reflects transactions in Roberson-El's trust fund account at the Cook County Jail, where he is in custody, covers a very short time span: from May 21 through June 26, 2013. But it is unclear whether he was also in custody there or anywhere else during any of the remainder of the six-month period preceding the filing of

his lawsuit (that is the period made relevant by Section 1915(a)(2)). Accordingly Roberson-El is ordered to file, on or before July 25, 2013, a statement addressing that subject (as with all documents filed in this District Court in cases assigned to this Court's calendar, he must submit both an original and a paper copy of that statement (see LR 5.2(f)).

In the meantime, some other aspects of Roberson-El's submissions call for a brief discussion. Here they are:

1. As for the Motion, Roberson-El has mistakenly modified that document by asking for counsel to "defend" him rather than representing him as plaintiff. But more substantively, Roberson-El has failed to respond to Motion ¶2, which asks him to identify any efforts that he has made to retain counsel on his own. Such efforts must be undertaken as a condition of his then seeking pro bono counsel under established Seventh Circuit precedent.

2. Complaint ¶IV (Roberson-El's Statement of Claim) charges that he was held in custody illegally beyond the period prescribed for some criminal offense. Leaving aside whether he has named the correct defendants for such a claim (which seems doubtful), if he served about 17 months (as he alleges) beginning in October 2009, he has failed to bring suit within Section 1983's two-year limitations period applicable to Illinois-based constitutional violations.

That being so, the by-July 25 filing spoken of earlier must also include more particulars about when that earlier term of incarceration began and ended.

This Court will await Robinson-El's submission called for by this memorandum order. For the present, both the Application and the Motion will remain pending.

_____
Milton I. Shadur
Senior United States District Judge

Date:    July 12, 2013